UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shelby Carver, | No. 2:21-cv-01082-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| American Family Mutual Insurance Co., | |
| Defendant. | |

Plaintiff sustained substantial injury in an accident involving an underinsured motorist. Compl. at 2, ECF 1-1. Plaintiff was insured by defendant and sought payment for medical expenses to no avail. *Id.* at 3. Plaintiff brought three claims against defendant in state court: 1) breach of contract; 2) breach of the implied covenant of good faith and fair dealing; and 3) breach of fiduciary duties. *See generally id.* The defendants removed. Notice of Removal, ECF No. 1. The parties have filed a stipulation to bifurcate and stay claim two, Bifurcate Stip., ECF No. 5, and dismiss claim three, Dismiss Stip., ECF No. 6.

The court **denies** the stipulation to dismiss because individual claims may not be dismissed by stipulation. *See Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 687–89 (9th Cir. 2005). Rather, to remove claim three, the complaint must instead be amended. *See id.* (citing Fed. R. Civ. P. 15(a)).

/////

1

The court also **denies** the stipulation to bifurcate. Federal Rule of Civil Procedure 42(b) governs bifurcation requests. Rule 42(b) permits the separate trial of one or more issues "[f]or convenience, to avoid prejudice, or to expedite and economize." *See* Fed. R. Civ. P. 42(b); *see also Zenith Ins. Co. v. Old Republic Ins. Co.*, No. 16-07219, 2017 WL 2861130, at *1 (N.D. Cal. July 5, 2017). The rule "confers broad discretion upon the district court to bifurcate a trial, thereby deferring costly and possibly unnecessary proceedings pending resolution of potentially dispositive preliminary issues." *Zenith*, 2017 WL 2861130, at *1 (citing *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002)). Courts are reluctant to bifurcate proceedings where there is "an overlap of factual issues." *Hunter v. City & Cty. of San Francisco*, No. 11-4911, 2012 WL 4831634, at *10 (N.D. Cal. 2012). "The party requesting bifurcation has the burden of proving that bifurcation is justified given the particular circumstances." *Aoki v. Gilbert*, No. 11-02797, 2015 WL 5734626, at *4 (E.D. Cal. Sept. 29, 2015).

The parties agree that bifurcation and stay of plaintiff's second claim, breach of the implied covenant of good faith and fair dealing, "is appropriate because the underlying [underinsured motorist] claim has not been adjudicated." Bifurcate Stip. ¶ 4. The parties claim this will prevent prejudice "that may result from litigating the underlying [underinsured motorist] claim with the bad faith claim." *Id.* ¶ 4. This single sentence is insufficient to establish a danger of prejudice in the absence of bifurcation. *See Stein v. Farmers Ins. Co. of Arizona*, No. 19-410, 2021 WL 2376027, at *1 (S.D. Cal. June 10, 2021) (denying bifurcation despite fact the underlying uninsured motorist claim had not been resolved). Moreover, it is not clear bifurcation will conserve judicial resources given that plaintiff's breach of contract claim, which is also "related to her underinsured motorist claim," will remain active. *Id.* ¶ 5. As the two claims are both based on the same accident with an underinsured motorist and defendant's alleged administration of benefits under the policy afterwards, Compl. at 2–6, the claims appear to be "so [factually] intertwined, bifurcation would not serve the interests of judicial economy." *Beco Dairy Automation, Inc. v. Glob. Tech Sys., Inc.*, No. 12-01310, 2016 WL 5870117, at *4 (E.D. Cal. Oct. 6, 2016). The parties have not carried their burden of showing bifurcation is appropriate here.

1        The court **denies** the stipulation to bifurcate and stay claim two, Bifurcate Stip., ECF
2 No. 5, and the stipulation to dismiss claim three, Dismiss Stip., ECF No. 6.
3        IT IS SO ORDERED.
4  DATED: June 29, 2021.

                                                 _____
                                                CHIEF UNITED STATES DISTRICT JUDGE