UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Shelby Carver, | No. 2:21-cv-01082-KJM-DMC |
| Plaintiff, | ORDER |
| v. | |
| American Family Mutual Insurance Company, and Does 1 through 25, | |
| Defendants. | |

Shelby Carver brings this insurance coverage action against American Family Mutual Insurance Company after it denied her underinsured motorist claim. Carver alleges breach of contract and breach of the implied covenant of good faith and fair dealing. American Family moves to dismiss the second claim, or in the alternative, moves to bifurcate and stay the claim pending Carver's resolution of her dispute against the underinsured driver. For the following reasons, the court **denies the motion**.

I.   **BACKGROUND**

Plaintiff Shelby Carver was in a car accident with an underinsured motorist (UIM) on February 22, 2018, in Chico, California. First Am. Compl. (FAC) ¶ 4, ECF No. 8; Mot. at 1, ECF No. 9-1. At the time of the accident, Carver had become a licensed California driver and her car had been purchased and registered in California. FAC ¶ 4; Opp'n at 5, ECF No. 16. She was

1

1  insured by American Family Mutual Insurance Company (American Family).  Compl. ¶ 5.  Her
2  policy, which she purchased in Minnesota, Policy, Req. for Judicial Not. Ex. 1, ECF No. 10,[1]
3  provided UIM coverage up to $100,000 per person.  Compl. ¶ 5

4      As a result of the accident, Carver sustained several injuries, incurred costly medical bills,
5  and was forced to delay her education and work as a dentist.  *Id*. ¶ 4.  The other driver had a
6  $30,000 policy limit, which Carver alleges is far lower than what would be necessary to
7  compensate her for the harm she suffered.  *Id*. ¶ 7.  Carver sent American Family a demand of
8  $70,000 under her UIM policy, attaching copies of her medical records, bills, and college
9  transcripts.  *Id*.  American Family offered her $27,000.  *Id*.  Carver rejected the counteroffer and
10  demanded arbitration, but American Family declined to arbitrate.  *Id*.  In doing so, American
11  Family argued the insurance policy did not include a mandatory arbitration provision.  *Id*.
12  Carver's counsel sent American Family a copy of California Insurance Code section 11580.2 and
13  insisted the law required arbitration.  *Id*.  American Family still refused to arbitrate.  *Id*.

14      Carver then commenced this action, which American Family removed to this court.  Not.
15  of Removal ¶ 1, ECF No. 1.  Carver brings two claims: breach of contract and breach of duty of
16  good faith and fair dealing.  *See generally* FAC.

17      American Family moves to dismiss Carver's second claim, or in the alternative, to
18  bifurcate and stay that claim pending resolution of the underlying UIM claim.  Mot. at 2, ECF No.
19  /////

---

[1] American Family asks the court to take judicial notice of the insurance policy.  ECF No. 10.  Carver does not oppose.  A court may take judicial notice of an adjudicative fact which is "not subject to reasonable dispute."  Fed. R. Evid. 201(b).  It is the proponent's burden to show the document is the proper subject of judicial notice.  *Hurd v. Garcia*, 454 F.Supp.2d 1032, 1054–55 (S.D. Cal. 2006).  "A district court ruling on a motion to dismiss may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies."  *Parrino v. FHP, Inc*., 146 F.3d 699, 706 (9th Cir. 1998), *superseded by statute on other grounds as recognized in Abrego v. The Dow Chem. Co*., 443 F.3d 676, 681 (9th Cir. 2006).  The Ninth Circuit has explained that such reliance is permissible when "plaintiff's claim depends on the contents of a document" that is not attached to the complaint.  *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005).  A "[p]laintiffs' claim of bad faith by their insurers will require them to show that benefits due under the policy were withheld unreasonably."  *Images by Karen Marie v. Hartford Fin. Servs. Grp., Inc*., No. 12-3005, 2013 WL 1832772, at *2 (E.D. Cal. May 1, 2013).  The court takes judicial notice of the policy.

9-1.  The motion is fully briefed.  Opp'n, ECF No. 16; Reply, ECF No. 17.  The court submitted the motion on the papers.  Min. Order, ECF No. 18.

## II. LEGAL STANDARD

A party may move to dismiss for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  The motion may be granted if the complaint lacks a "cognizable legal theory" or if its factual allegations do not support a cognizable legal theory.  *Godecke v. Kinetic Concepts, Inc.*, 937 F.3d 1201, 1208 (9th Cir. 2019) (citation omitted).  The court assumes all factual allegations are true and construes "them in the light most favorable to the nonmoving party."  *Steinle v. City & Cnty. of San Francisco*, 919 F.3d 1154, 1160 (9th Cir. 2019) (citation omitted).  If the complaint's allegations do not "plausibly give rise to an entitlement to relief," the motion must be granted.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

## III. ANALYSIS

As a threshold issue, the court must determine which state's insurance law applies.  Carver argues in favor of California law, Opp'n at 2, while American Family says Minnesota law applies, Mot. at 3.

In this diversity jurisdiction action, the court applies the choice-of-law rules of the forum state, California.  *See Arno v. Club Med, Inc.*, 22 F.3d 1464, 1467 (9th Cir. 1994).  California law provides two choice-of-law tests: the statutory test in Civil Code section 1646 and the common law "governmental interest test."  *One Call Med. Inc. v. Nat'l Fire & Marine Ins. Co.*, 401 F. Supp. 3d 994, 999–1000 (E.D. Cal. 2019).

"Civil Code section 1646 is the choice-of-law rule that determines the law governing the interpretation of a contract."  *Frontier Oil Corp. v. RLI Ins. Co.*, 153 Cal. App. 4th 1436, 1442 (2007).  "A contract is to be interpreted according to the law and usage of the place where it is to be performed; or, if it does not indicate a place of performance, according to the law and usage of the place where it is made."  Cal. Civ. Code § 1646.  If the contract does not expressly state a place of performance, the court may glean the parties' intention from the nature of the contract and the surrounding circumstances.  *Frontier Oil Corp.*, 153 Cal.4th at 1450.  Under this test, the

/////

3

intended place of performance of a liability insurance policy is the place of the insured risk. *Id.* at 1461.

The "governmental interest test," by contrast, has three steps. *Kearney v. Salomon Smith Barney, Inc.*, 39 Cal. 4th 95, 107 (2006). First, the court determines whether the relevant law of each of the potentially affected jurisdictions is the same. *Id.* Second, if there is a difference, the court examines each jurisdiction's interest in the application of its own law under the circumstances of the particular case to determine whether a true conflict exists. *Id*. at 107–08. Third, if the court finds there is a true conflict, it evaluates and compares the nature and strength of each state's interest in the application of its own law "to determine which state's interest would be more impaired if its policy were subordinated to the policy of the other state." *Id*. at 108. "[A] breach of the covenant of good faith and fair dealing is a tort under California law, and California courts apply the governmental interest test to tort claims." *Glob. Hawk Ins. Company* (*RRG*) *v. Wesco Ins. Co.*, No. 18-6805, 2019 WL 6468579, at *4 (C.D. Cal. Aug. 29, 2019) (citing *Jonathan Neil & Assoc., Inc. v. Jones*, 33 Cal. 4th 917, 937 (2004) and *Orr v. Bank of Am., NT & SA*, 285 F.3d 764, 772 n.4 (9th Cir. 2002)).

American Family's pending motion focuses on Carver's claim for breach of the covenant of good faith and fair dealing. As a result, the court must conduct the complex three-step balancing exercise required by California's governmental interest test. The parties do not explain why one state's law should be applied over the other. Neither even cites the relevant test. "It is the burden of the party bringing a motion to dismiss for failure to state a claim to demonstrate that the requirements of Rule 8(a)(2) have not been met." *Bryant v. Apotex, Inc.*, No. 12-01377, 2013 WL 394705, at *5 (E.D. Cal. Jan. 30, 2013) (quoting *Gallardo v. DiCarlo*, 203 F. Supp. 2d 1160, 1165 (C.D. Cal. 2002)). By failing to identify and apply the choice-of-law test this court must apply, American Family has not carried that burden. The court denies its motion to dismiss.

The court also denies American Family's alternative motion to bifurcate. The claims overlap both factually and legally, so bifurcation would not achieve any efficiencies. *See* Order (June 30, 2021) at 2, ECF No. 7; *Stein v. Farmers Ins. Co. of Ariz.*, No. 19-410, 2021 WL 2376027, at *1–2 (S.D. Cal. June 10, 2021). To the extent American Family is concerned it will

face unduly burdensome or improper discovery requests, it may seek relief under Federal Rule of Civil Procedure 26(c) and the applicable local rules.

**IV.    CONCLUSION**

The court **denies the motion to dismiss**.

The order resolves ECF No. 9.

IT IS SO ORDERED.

DATED: June 21, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE